RECEIVED DEC 11 2015 BY MAIL

IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| PLAINTIFF, | ) |
| VS. | ) NO. _____ |
| GEORGE M. KNIEST,<br>TIMOTHY GARNETT,<br>MELVIN LEROY TYLER, | ) (CRIMINAL CASE NUMBERS:<br>) KNIEST, 01CR612168 ST.<br>) FRANCOIS COUNTY; GARNETT<br>) 0722-CR05194-01 CITY OF ST. |
| DEFENDANTS. | ) LOUIS, TYLER, 77-232; 1807-Q<br>) CITY ST. LOUIS) |

## PETITION FOR REMOVAL OF PENDING CRIMINAL CASES/APPEALS/MOTIONS

Comes now GEORGE M. KNIEST, TIMOTHY GARNETT, MELVIN LEROY TYLER, defendants, and having recently moved for federal removal of the cases into this federal court, State of Missouri v. George M. Kniest, Timothy Garnett, Melvin Leroy Tyler, 2015 US Dist. Lexis _____ (EDMo 2015). The district judge was a former Assistant Circuit Attorney and possible State Judge having a conflict of interest, Missouri v. Kniest, et al., 4:15-CV-01352-HEA (EDMo Sept 22, 2015):

1. The entire file from Case 4:15CV1352 HEA (EDMO) is incorporated herein and restated:

A: for months, even going past years in one case, the state court has intentionally and with malice delaying processing of pending motions to appeal as a poor person, processing the appeals that they are intentionally delaying. Even when remanded by the Court 4:15CV1352 HEA the courts have taken not one single action in processing the appeals in:

1) STATE VS. KNIEST, 01CR612168 ST. FRANCOIS COUNTY CIRCUIT COURT;

2) STATE V. GARNETT, 0722-CR05194-01 CITY OF ST. LOUIS, MISSOURI;

1

3) STATE V. TYLER, 77-232; STATE V. TYLER, 1807-Q. CIRCUIT COURT CITY OF ST. LOUIS, MISSOURI.

2. In TYLER there are two appeals, notice of appeal and to appeal in forma paupers in 7-232; 1807-Q have been pending over *two years to* get processed, it only takes ten minutes to process the appeals. The federal removal and the federal remand placed them on notice officially, notwithstanding dozens of other times. They can no longer fabricate a defense that they did not know, or was not placed on notice. The minute the remand was issued Sept. 22, 2015 they should have acted. Still, they don't care as they believe they are immune from criminal and civil actions.

3. George Kniest in Case 01CR612168 St. Francois County Circuit Court has processing appeal close to a year. It only takes ten minutes. St. Francois County was placed on notice offically by the notice of removal and the Sept. 22, 2015 that George Kniest rights are being violated and he is being denied a prompt immediate remedy in an appeal to the Missouri State Supreme Court. The delay is intentional and it is malicious and and the deliberate indifference is clear and manifest.

4. Timothy Garnett in Case 0722-CR05194-01 Circuit Court City of St. Louis, Missouri is maliciously and intentionally delaying processing his motions for the records, to seek an appeal in his case. By law his sentences are void. But that court will not process his pending motions for the record, to appeal, the same as done in Tyler.

5. The prior remand was done with not one single explanation of the complaints of the defendants. By law the state courts are in direct violation of Article 1 Sec. 14 Missouri, the 1st, 5th, and 14th Amendments to the US Constitution.

2

6. If this court decided to remand this case, the defendants specifically ask this court to warn the state that further delay can give rise to a serious civil rights violation cause of action. See: Pool v. Wyrick, 703 F2d 1064 (CA8)(Warned state court if they did not act to process pending motions with _____ number of days, that Pool could sue them for damages. id.

7. The appeals raise difficult issues and claims to which the Circuit Court of St. Francois County, City of St. Louis are taking intentional delayed actions to prevent the Missouri Supreme Court reviewing the corruptions in those courts. Those with lawyers get justice, those who cannt pay lawyers and/or other extorion fees, are denied justice. Those are the issues that the defendants Kniest, Garnett, Tyler have been trying to get to the Missouri Supreme Court.

8. In the end, there is always the question wherein under the supremacy clause of the federal constitution that this court can remove all these appeals. See: Downs,  129  SCt.  2109.

9. There is the issue that should the appeals be processed certain judges may be prosecuted in the federal court and even removed from office. It is common knowlege that in St. Louis City money can buy all the justice you can pay for. One of the appeals of Tyler has been trying to appeal that issue over two years and the clerks/court is intentionally obstructing process. George Kniest has the same identical issue wherein his sentencing judge granted relief to another person represented by a former St. Francois County prosecutor, granting him relief, denying Kniest relief on the same exact issue. Garnett faces the same obstacle wherein a judge granted relief complete out of time, to one represented by a lawyer, then refuses Garnett.                                         t

10. The failure of the prior court to explain the basis for the removal was unfair. Clearly, a reading of that order would in no way expose the following:

A: CIRCUIT COURTS OF CITY OF ST. LOUIS AND ST. FRNACOIS COUNTY OPERATE ON AN UNCONSTITUTIONAL PROCEDURE, WHEREIN WHERE HIGH PRICED LAWYERS ARE GIVEN LEAVE TO FILE PETITIONS OUT OF TIME AND SECURE RELIEF, WHEN PETITIONERS WITH NO COUNSEL, NO POLITICIAL CONNECTIONS FILED, THEY ARE OBSTRUCTED IN THE PROCESSES, PROCEDURAL BARS AND DOWN RIGHT OBSTRUCTIONS FROM THE CLERKS OF THE COURT. THIS PRACTICE IS AN ON GOING PRACTICES. AS STATED IN CASE 77-232, MONEY CAN BUY ANY JUSTICE ONE WANTS IN THE CITY OF ST. LOUIS, MISSOURI. IN OTHER WORDS, WHEN YOU PAY YOU GET HEARD. THE PETITIONS FILED AND WAITING OVER TWO YEARS TO GET PROCESSED IN CASE #77-232, EXPOSES THIS OUTRAGEOUS CRIMINAL MISCONDUCT. BUT THE CLERKS AND THE JUDGES HAVE OBSTRUCTED THE PROCESSING OF THOSE APPEALS, FOR MORE THAN TWO YEARS. IT TAKES TEN MINUTES OR LESS TO PROCESS THE APPEAL. HOWEVER, WHEN THE ISSUES IS THAT THE SYSTEM IS CORRUPT, IT TAKES MORE THAN TWO YEARS AND ON AND ON TO PROCESS THE APPEAL. CORRUPTION RUNS DEEPS. THEY GRANTED RELIEF TO THOSE CASES WITH HIGH PROFILED LAWYERS AND DOG OUT THE POOR, THE SAME IN CASES 1807-Q, IN THAT CASE CHALLEANGES THE CONSTITUTIONALITY OF THE MISSOURI CORAN NOBIS RULES AS VIOLATING THE FEDERAL CONSTITUTION AND ARTICLE I SEC. 14 MISSOURI CONSTITUTION. BEING PROCESSED OVER TWO YEARS, THE MOTION TO APPEAL IN FORMA PAUPERIS ON APPEAL. IN FACT SUBSTANTIAL OFFERS OF PROOF WERE MADE. OBVIOUSLY, WHEN THIS CASE REMANDED SEPT. 22, 1015 WITHOUT EXPLAINING THE CORRUPTION, WAS DONE SO BY A FORMER CIRCUIT ATTORNEY JUDGE OF THAT COURT. AT THE SAME TIME GARNETT FACES THE SAME UNCONSTITUTIONAL INTERFERENCES AS BY TYLER AND HIS SENTENCES ARE 100% UNCONSTITUTIONAL.

B: GEORGE KNIEST, DENIED RELIEF, APPEAL MOTION IN

4

BEING DELAYED ALMOST GOING INTO A YEAR. AT THE SAME TIME KNIEST HAS COPIES OF PRIOR JUDGMENTS GRANTED ON THE SAME ISSUE HE WAS DENIED BY, BUT INTHAT CASE HIGH PROFILE LAWYERS AND EVEN THE STATE ATTORNEY GENERAL AGREED. NOW, BECAUSE KNIEST DOES NOT HAVE A LAWYER HE CANNOT GET THE SAME JUSTICE. THE SAME WITH TYLER AND GARNETT, THEY HAVE COURT ORDERED JUDGMENTS GRANTING RELIEF YEARS OUT OF TIME WITH HIGH PROFILE LAWYERS AND WITH THE STATE ATTORNEY GENERAL UP TO THE NECK IN. THIS CORRUPTION IN MISSOURI CAN BE PROVEN IF THE COURTS GRANTSS A HEARING.

11. The United States Constitution under the flags of the 1st, 5th, 14th Amendments forbids frustrating state appeals and delaying them to obstruct state court review. That is a clearly unconstitutional. Green v. Washington, 917 FSupp. 1238 (ND Ill. 1996). The 8th Circuit has held that the federal courts provides a remedy when the state courts subjects a litigant to inordinate delay in the processing of petitions and appeals. McMillen v. Chief Judge, 711 F2d 109 (CA8); Pool v. Wyrick, 703 F2d 1064, 1067 [##9] (CA8); Seemiller v. Circuit Court Clerk, 640 F2d 175, 176 [##3] (CA8).

12. The United States Supreme Court made it clear that **when state court obstructs prisoners right to meaningful access to the state courts**, the federal court can take jurisdiction of the cases. Haywood v. Downs, 129 SCt. 2109 (Cases cited therein and history of shepards citation). In this case there is no question, when this case was remanded, it was remanded Sept. 22, 2015 without one iota of EXPLANATION OF THE STATES CORRUPTION. Most recently, the same judge accepted a plea of guilty from an assistant circuit attorney from the City of St. Louis to federal charges of conspiring in that office (Ex. A).

5

WHEREFORE, defendant pray:

1) THAT ALL THE ASE BE AND THE SAME REMOVED AND THAT IN THE ALTERNATE, THAT THE COURT ISSUE FINDINGS OF FACT AND CONCLUSIONS OF LAW ON EACH CLAIM RAISED HEREIN. THAT IS FINDINGS:

A: BASED ON THE UNCONSTITIONAL INTENTIONAL DELAYS OF THE STATE CRIMINAL COURTS IN INTENTIONALLY AND MALICIOUSLY DELAYING THE PROCESSING OF PENDING STATE COURT APPEALS/MOTIONS TO APPEAL AS POOR PERSONS AND PROCESSING REQUEST FOR CERTIFIED RECORDS.

B: REMOVE THE CASES TO THE FEDERAL ORDER PROCESS THE PENDING APPEALS AND MOTIONS TO APPEAL AS POOR PERSONS, THEN REMAND THE CASE WITH DIRECTIONS THAT NO DELAY BE TAKEN IN THE PROCESSING OF THE APPEALS.

C: ISSUE THE CERTIFIED REMAND ORDER TO THE STATE COURT UNDER 28 USC 1447(c) WITHOUT PREJUDICE TO SEEK A NEW FEDERAL REMOVAL IF STATE AGENTS OBSTRUCTED PROMPT PROSECUTION OF THE STATE COURT APPEALS AND PROCESSING THEREOF.

D: SUCH RELIEF AS LAW AND EQUITY ALLOWS.

E: REFER THIS MATTER TO THE US DEPARTMENT OF JUSTICE FOR INVESTIGATION AND ACTION.

RESPECTFULLY SUBMITTED,

/s/ GEORGE M. KNIEST
GEORGE M. KNIEST
JEFFERSON CITY CORR. CENTER
8200 NO MORE VICTIMS ROAD
JEFFERSON CITY, MO 65101

/s/ TIMOTHY GARNETT
TIMOTHY GARNETT
JEFFERSON CITY CORR. CENTER
8200 NO MORE VICTIMS ROAD
JEFFERSON CITY, MO 65101

/s/ MELVIN LEROY TYLER
MELVIN LEROY TYLER 09670
JEFFERSON CITY CORR. CENTER
8200 NO MORE VICTIMS ROAD
JEFFERSON CITY, MO 65101

28 USC 1746 AFFIDAVIT/VERIFICATION

I, GEORGE M. KNIEST, TIMOTHY GARNETT, MELVIN LEROY TYLER, declare under pains and penalty of perjury that they have read the above and the above is true and correct according to their best information, knowlege and belief.

Dated: 12/9/2916

/s/ GEORGE M. KNIEST
/s/ TIMOTHY GARNETT
/s/ MELVIN LEROY TYLER

28 USC 1746

6